UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN MACK ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY, et al.,<br><br>    Defendants. | No. 2:23-cv-3002 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that plaintiff may proceed on the following claims:

1. A claim for excessive use of force arising under the Fourteenth Amendment against defendant Sgt. Kamman with respect to an incident occurring November 15, 2023. ECF No. 1 at 3.

2. A claim for denial of adequate medical care against defendants Solano County and Wellpath Medical arising under the Fourteenth Amendment and Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978) based upon their policies with respect to providing intravenous treatments to inmates.

3. A claim arising under the Fourteenth Amendment against defendant Dr. Wong for denial of adequate medication. ECF No. 1 at 5.

At this point, plaintiff has two options: proceed on the claims identified above or file an amended complaint in an attempt to cure deficiencies with respect to the other claims. If plaintiff chooses to proceed on the claims described above, the court will construe this as a request to voluntarily dismiss the additional claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

With respect to plaintiff's other claims and assertions, plaintiff is informed as follows:

1. Plaintiff accuses certain individuals of wrongdoing in his complaint, but they are not identified as defendants. The only four defendants identified by plaintiff in his complaint are the defendants identified above. If it is plaintiff's intent to name others as defendants, he shall do so in his amended complaint.

2. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights such as the right to petition the government for redress of grievances. Rizzo v.

Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the claims described herein.  In the alternative, plaintiff may choose to file an amended complaint to fix the deficiencies identified in this order with respect to the remaining claims.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file an amended complaint.

/////

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claim identified above.

Dated:  September 3, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ande3002.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN MACK ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>SOLANO COUNTY, et al.,<br><br>    Defendants | No.  2:23-cv-3002 CKD P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_   1. Plaintiff wishes to proceed on the following claims:

      A.  A claim for excessive use of force arising under the Fourteenth Amendment against defendant Sgt. Kamman with respect to an incident occurring November 15, 2023. ECF No. 1 at 3.

      B.  A claim for denial of adequate medical care against defendants Solano County and Wellpath Medical arising under the Fourteenth Amendment and <u>Monell v. Dep't of Social Services</u>, 436 U.S. 585 at 691, 694 (1978) based upon their policies with respect to providing intravenous treatments to inmates.

      C.  A claim arising under the Fourteenth Amendment against defendant Dr. Wong for denial of adequate medication.  ECF No. 1 at 5

\_\_\_\_\_   2. Plaintiff wants time to file a first amended complaint.

DATED:

                        _____
                             Plaintiff